FRANCIS H. DUFFY *vs.* JOHN S. PATTEN and another.

Penobscot. Opinion February 15, 1883.

*Pleadings. Contract. Statute of frauds. R. S., c. 111, § 1. Tender. Exceptions.*

The general rule in torts and parol contracts is that the day when the tort was committed or the contract made, is not material. When made material by the defendant's plea, the plaintiff may reply by another day.

On a contract, which by its terms continues indefinitely, no cause of action can exist till its breach.

To bring a case within the statute of frauds, R. S., c. 111, § 1, it must affirmatively appear that it could not have been performed within a year.

When by the terms of a contract the rent of an old piano was to go in payment for a new piano, the change of the rent by the agreement of parties is no termination of the contract.

A tender, when necessary by the terms of a contract, becomes unnecessary to be made to a party who in advance announces that he will not receive it and denies the existence of such contract.

Remarks suggesting an explanation of the evidence but stating no principle of law and asserting the existence of no fact, are not the subject of exception.

ON EXCEPTIONS AND REPORT.

Assumpsit on an alleged contract, of October 26, 1873. The writ was dated December 20, 1881. Plea, general issue and statute of limitations.

The original declaration was, "In a plea of the case for that on the twenty-sixth day of October, A. D. 1873, at said Bangor, it was agreed between the plaintiff and said defendants in manner following to wit : that the said defendants should deliver to said

plaintiff one piano which the said plaintiff was to receive and keep and use at the plaintiff's dwelling house in said Bangor, and the plaintiff agreed to pay defendants, rent for the use of said piano, at the rate of four dollars per month, and it was further agreed on said twenty-sixth day of October, at said Bangor, in manner following, to wit: that said defendants would at the request of the said plaintiff sell and deliver at a fair market price to the plaintiff a new and other piano, and allow in part payment, all the rent that had been paid the defendants for the first named piano, and the plaintiff avers that the said first named piano was duly delivered to him by the said defendants on said twenty-sixth day of October, in pursuance of said agreement, and the plaintiff avers that he paid said defendants a large sum of money, namely, one hundred and fifty dollars rent for said first named rented piano, and the plaintiff avers that on the third day of June, 1879, he demanded of said defendants to sell and deliver him said piano in pursuance thereof, and defendants neglected and refused so to do."

At the commencement of the trial the plaintiff asked leave to file a new declaration to his writ, as follows:

"Also for that the said defendants at said Bangor heretofore, to wit: on the twenty-sixth day of October, A. D. 1873, in consideration that the plaintiff would buy of them when he bought a new piano, and pay them therefor a fair and reasonable price, undertook and promised the plaintiff that they would rent to him for use in his family till he desired to buy said new piano, a certain second-hand piano, then and there being in said defendants' possession, at the rate of twelve dollars per quarter, and at their own expense keep the same in tune, and that they would receive and allow to the plaintiff the rent paid to them by the plaintiff for the use of said second-hand piano, in part payment for the new piano so by the plaintiff to be bought of them as aforesaid, and the plaintiff avers that thereupon in pursuance of said agreement and undertaking on the part of said defendants, and in consideration thereof he received, and said defendants delivered to him said second-hand piano, and he thereafterwards kept and used the same in his family till the third day of June, A. D. 1879,

and that he paid the said defendants at different times, and in different sums, a large sum of money, to wit: the sum of one hundred and fifty dollars, as rent and for the use of said second-hand piano, and the plaintiff avers that afterwards, to wit: on said third day of June, A. D. 1879, he made a demand upon the defendants to sell to him then and there a new piano for a fair and reasonable price, and to allow in part payment therefor the said several sums so paid as aforesaid for the use and rent of said second-hand piano; and then and there offered to surrender said second-hand piano; yet the said defendents have heretofore wholly neglected and refused to sell to the plaintiff a new piano, and to allow in part payment therefor the rent so paid as aforesaid and still so neglect and refuse to do."

The court allowed the amendment against the defendants' objection.

In charging the jury the court made the following suggestions in regard to a receipt claimed to have been fraudulently altered:

"Now I wish to suggest to you whether this is not the true solution of the matter; two quarters' rent has been paid at the rate of twenty-four dollars. Then this, (referring to the receipt,) is dated 1874, but it is manifest it should not have been 1874, because it would be claiming rent when there was not any due. The truth is, the receipt of December twenty-sixth, runs into the last of March, so that this receipt was not in 1874, probably; you will consider whether it is not a receipt from June twenty-sixth, to December twenty sixth, 1875, and a mistake of the date; then if you look at the books; at the book at this time you find that the credit is twenty dollars. Now is not this the real solution of the matter; that Duffy had paid twenty-four dollars for the first half of the year, that when this came around, Duffy says to Mr. Patten, that is too much, twenty dollars is enough, and Mr. Patten just made an 0 crediting him twenty dollars, and that explains the matter without the slightest imputation of want of integrity on any body. That is to say, that this bill was presented at twenty-four dollars, that Duffy thought it was a little too much, that Patten altered it to twenty dollars, crediting him in his book for twenty dollars, and that solves the whole matter without the slightest imputation of wrong upon anybody. I

mention this because I have looked at the books; you can look at the books and see whether or not there is any question about this as being the true solution of the twenty-four dollars."

Other material facts are stated in the opinion.

*Peregrine White*, for the plaintiff.

*A. L. Simpson*, for the defendants.

APPLETON, C. J.  The following facts may be regarded as established by the finding of the jury : That the plaintiff being about to purchase a piano called on the defendants, who proposed to let a piano at a reasonable price and that the rent of such piano they would allow in part payment of a new piano which he agreed to purchase—that he hired a piano paying the rent therefor—that on the third of June, 1879, he called on the defendants to purchase a new piano, offering to pay them the balance that would remain due after deducting the payments of rent already made, — that the defendants not merely refused to perform their agreement but denied its existence, whereupon this suit was brought.

The piano loaned was at the rate of four dollars per month, originally, but the rent was subsequently reduced by the mutual agreement of the parties.

The piano the plaintiff proposed purchasing, was one which would cost from two hundred to two hundred and twenty-five dollars.  This he disclosed to the defendants.  The effect of the agreement is that the plaintiff's rent is so much money in the defendants' hands which he has a right to have appropriated in part payment of a new piano, which the defendants were bound to furnish.

The evidence shows that contracts of this description have been frequently made by the defendants with their customers.

Numerous exceptions have been filed to the ruling of the presiding justice.

I. It is objected that the amendment should not have been allowed.  It is for the same cause of action as the original count in the declaration, only it is therein more accurately set forth.

II. The contract was by parol.  It was proved to have been made at a day subsequent to that stated in the declaration.

"But," observes WILDE, J., in *Little* v. *Blunt*, 16 Pick. 365, " the general rule is, that in all torts and parol contracts, the day when the tort is alleged to have been committed, or the contract made, is not material; and if the defendant by his plea makes it material, the plaintiff may reply by another day, and it will be no departure, and the same principle applies to a case where it becomes necessary to prove when a contract was made and it does not agree with the time specified in the declaration." Such was held to be the law in *Ripley* v. *Hebron*, 60 Maine, 388. The error in date was clearly amendable. If the contract was made, it is immaterial whether made in October or November.

III. It is claimed that the statute of limitations is a bar. Not so. The contract was a continuing one. It was in the course of its performance. The defendants were leasing and the plaintiff was paying rent. No cause of action existed until a breach of the contract, which, on the defendants refusing to perform their part of the contract, occurred on June third, 1879.

IV. The plaintiff might have called for his new piano at any time within the year. To bring a case within the statute of frauds, R. S., c. 111 § 1, it must appear that it was not to have been performed within that time. *Herrin* v. *Butters*, 20 Maine, 119. *Hearne* v. *Chadbourne*, 65 Maine, 302. Here the contract might have been terminated after the first month or quarter had the plaintiff so elected. *Linscott* v. *McIntire*, 15 Maine, 201. No question is raised under R. S., c. 111, § 4.

V. The contract was that the rent should go in payment of the piano. The rent was what the parties chose to make it. It was the rent which they might agree upon. Though it might vary it was none the less rent. An instruction that a change of rent by the agreement of the parties would terminate the contract, would have been erroneous.

VI. The counsel for the defendants requested the court to instruct the jury, " that if the defendants gave the plaintiff an opportunity to select a new piano, it was his duty to make the selection, and to tender or offer to pay the difference between the rent of the old and the price of the new before he could maintain an action for breach of contract."

To this the court said, "I have given you that; if the defendants were willing to comply with the terms of the contract and give the plaintiff an opportunity to select and he neglected to select he cannot maintain the action. If they denied the contract, and refused to perform it there was no need of tendering anything. There is no need of tendering anything to a man who says there is no such contract. I will not abide by it."

Of this the defendants cannot complain. The denial of all liability under the contract or a refusal to recognize its existence renders a tender unnecessary. It is not necessary to tender to a party what he in advance announces that he will not receive. *Mattocks* v. *Young*, 66 Maine, 459. The plaintiff could not select when the right of selection was denied. He could not tender, when the balance to be tendered was not ascertainable, — and that through the fault of the defendants.

VII. The remarks of the court in relation to the alteration of a receipt involve no question of law. They relate to an explanation of the receipt by a reference of the books and their purpose and tendency was to lessen the claim against the defendants. It was a suggested explanation submitted to the consideration of the jury and furnished no ground of exception.

VIII. No time was limited within which the plaintiff was to demand his new piano. No objection was made to the continuance of the contract. It was therefore for the plaintiff to select his own time. The court could not say as matter of law that the plaintiff delayed an unreasonable time in demanding his new piano.

The exceptions are overruled.

IX. The verdict we think was too large. A careful examination of the evidence satisfies us that the defendants should not account for more than one hundred and sixteen dollars and interest from the demand. If the plaintiff will release the excess the verdict is to stand, otherwise a new trial is to be had.

WALTON, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.